IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| SANFORD L. RUSH ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: _____ |
| ) | |
| ASSOCIATES ASSET ) | |
| MANAGEMENT LLC and ) | |
| MARK MANCUSO, ) | Jury Trial Demanded |
| ) | |
| Defendants. ) | |

## COMPLAINT

### I. INTRODUCTION

1. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, in their illegal efforts to collect a consumer debt.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

### III. PARTIES

4. Plaintiff Sanford L. Rush (hereinafter "Plaintiff") is a natural person who resides in Hamblen County, Tennessee, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Associates Asset Management, LLC (hereinafter "Defendant AAM") is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), a for-profit limited liability company organized in Delaware, and a registered foreign business entity doing business in Tennessee that maintains Corporation Service Company, 2905 Poston Avenue, Nashville, TN 37203 as its registered agent for service of process in Tennessee.

6. Defendant Mark Mancuso (hereinafter "Defendant Mancuso") is a natural person who is employed by Defendant AAM as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and he may be served at his business address of Associates Asset Management, LLC 20101 SW Birch Street, Suite 120, Newport Beach, CA 92660.

## IV. FACTUAL ALLEGATIONS

7. Defendants have alleged that Plaintiff incurred an obligation to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, for a second mortgage on a home he owned with his now deceased wife and which was foreclosed on in 2005 after her death.

8. On or about December 1, 2007, and after Plaintiff was in default, the debt was consigned, placed, sold or otherwise transferred to Defendant AAM for collection from Plaintiff, when thereafter Plaintiff received collection communications and was subjected to collection acts from Defendants, all in an attempt to collect the debt.

*November 12, 2009 Collection Letter*

9. On or about November 12, 2009, Defendants sent a collection letter to Plaintiff. A redacted copy of this letter is filed as Exhibit 1 to this Complaint.

2

10. The November 12, 2009 collection letter from Defendants was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

11. The November 12, 2009 collection letter from Defendants was a subsequent communication in connection with collection of the debt.

12. The November 12, 2009 collection letter failed to disclose to Plaintiff that Defendants were debt collectors.

13. By failing to disclose in the November 12, 2009 collection letter that Defendants were debt collectors, Defendants violated 15 U.S.C. § 1692e(11), and the failure to disclose in subsequent communications that the communication is from a debt collector is a false, deceptive and misleading representation or means in connection with the collection of the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and an unfair means to collect or attempt to collect the alleged debt in violation of 15 U.S.C. § 1692f.

14. The November 12, 2009 collection letter from Defendants stated:

> "You need to contact me as soon as possible. In the event you fail to speak with me I may be forced to refer your account to management. My management may make the decision to initiate legal action which could lead to a judgment which will be reported on your credit history. Additionally, legal action will require your appearance in court and could result in garnishment of your wages or attachment of your personal assets."

15. Despite the threats in the November 12, 2009 collection letter that Defendant AAM could pursue legal action to collect the debt and that Plaintiff would only avoid further collection activity on the debt if he contacted Mr. Mancuso immediately, Plaintiff did not contact Mr. Mancuso to discuss the debt and over 9 months later Plaintiff has not been subjected to any further collection activity on this debt by Defendants.

3

16. The statement in the November 12, 2009 collection letter by Defendants that "legal action . . . could result in garnishment of your wages or attachment of your personal assets" created the false impression that Defendant AAM would be successful in obtaining a judgment against Plaintiff if legal action were pursued, in violation of numerous and multiple provisions of the FDCPA, including 15 U.S.C. §§ 1692e, 1692e(2)(A), and 1692e(10), amongst others.

17. The statement in the November 12, 2009 collection letter by Defendants that "legal action . . . could result in garnishment of your wages or attachment of your personal assets" was the representation or implication that nonpayment of the debt would result in the garnishment of Plaintiff's wages and attachment of his personal property when Defendant AAM did not intend to take such action, in violation of numerous and multiple provisions of the FDCPA, including 15 U.S.C. §§ 1692e, 1692e(4), 1692e(5), and 1692e(10), amongst others.

18. The statement in the November 12, 2009 collection letter by Defendants that "legal action . . . could result in garnishment of your wages or attachment of your personal assets" was a threat to take any legal action before Defendant AAM had acquired the right to do so, in violation of numerous and multiple provisions of the FDCPA, including 15 U.S.C. §§ 1692e, 1692e(4), 1692e(5), and 1692e(10), amongst others.

19. The statement in the November 12, 2009 collection letter by Defendants that "legal action . . . could result in garnishment of your wages or attachment of your personal assets" without disclosing relevant garnishment exemptions and personal property exemptions available to Plaintiff under Tennessee state law was misleading in violation of numerous and multiple provisions of the FDCPA, including 15 U.S.C. §§ 1692e, 1692e(4), 1692e(10), 1692f and 1692f(6), amongst others.

20. The statement in the November 12, 2009 collection letter by Defendants that "legal action will require your appearance in court" was a false, deceptive, and misleading misrepresentation as any debt owed by Plaintiff to Defendant AAM would be a civil debt and not owed as a result of the commission of a crime by Plaintiff and Defendants could not require Plaintiff to appear in court in response to the filing of a civil debt collection lawsuit by Defendant AAM, in violation of numerous and multiple provisions of the FDCPA, including 15 U.S.C. §§ 1692e, 1692e(5), 1692e(7), and 1692e(10), amongst others.

21. The statement in the November 12, 2009 collection letter by Defendants that "legal action . . . could result in garnishment of your wages or attachment of your personal assets" was the false representation by Defendants of Defendant AAM's intent to imminently seek garnishment or file suit when, upon information and belief, the collection letter was sent before any decision was made to take legal action, Defendant AAM has not taken such action although it has been over 9 months since the collection letter was sent and Plaintiff has not been subjected to any further collection activity by Defendants, and, upon information and belief, Defendant AAM infrequently pursued state court collection lawsuits, especially against consumer debtors in Tennessee, in violation of numerous and multiple provisions of the FDCPA, including 15 U.S.C. §§ 1692e, 1962e(4), 1692e(5), and 1692e(10), amongst others.

### *Respondeat Superior Liability*

22. The acts and omissions of Defendant Mancuso and the other debt collectors employed as agents by Defendant AAM and who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant AAM.

5

23. The acts and omissions by Defendant Mancuso and the other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant AAM in collecting consumer debts.

24. By committing these acts and omissions against Plaintiff, Defendant Mancuso and the other debt collectors were motivated to benefit their principal, Defendant AAM.

25. Defendant AAM is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors and omissions done in violation of federal law by its collection employee including, but not limited to violations of the FDCPA, in their attempts to collect the alleged debt from Plaintiff.

*Summary*

26. The above-detailed conduct by Defendants, including, but not limited to failing to disclose in a subsequent communication that they are debt collectors, falsely representing the character or legal status of the debt, making false, deceptive, and misleading threats to take legal action they did not intend to take or did not have the right to take, and misrepresenting that Plaintiff would be required to make a court appearance in response to the filing of a state court collection lawsuit, is false, deceptive, misleading, and/or unfair communications, acts, omissions, and/or practices used by Defendants in illegally attempting to collect the alleged debt from Plaintiff in violation of numerous and multiple provisions of the FDCPA including, but not limited to the above-cited provisions of the FDCPA.

## V.   TRIAL BY JURY

27. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed.R.Civ.P. 38.

## VI. CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §§ 1692 *et seq.*

28. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

29. The foregoing acts and omissions of each and every Defendant and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692 *et seq.*, with respect to Plaintiff.

30. As a result of each and every Defendant and their agents' violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant herein.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant:

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §§ 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for Plaintiff; and

- for such other and further relief as may be just and proper.

08/23/10               Respectfully submitted,

**SANFORD L. RUSH**

_____
Alan C. Lee, Esq.
Attorney for Plaintiff
BPR #012700
P. O. Box 1357
Morristown, TN 37816-1357
(423) 581-0924
info@alanlee.com

8

# VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF TENNESSEE )
COUNTY OF HAMBLEN )

    Plaintiff Sanford L. Rush, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorney and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.

7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Date: 8-20-10

By: _Sanford L. Rush_
Sanford L. Rush

Subscribed and sworn to before me this 20th day of August 2010.

_Linda Wilder_
Notary Public

9